NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIKA MEJIA MARINELARENA, | No. 22-55344 |
| Plaintiff-Appellant, | D.C. No. 8:20-cv-02230-DOC-JDE |
| v. | |
| ALLSTATE NORTHBROOK INDEMNITY COMPANY, an Illinois corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted April 19, 2023[**]
Pasadena, California

Before: WARDLAW and KOH, Circuit Judges, and MCMAHON,[***] District Judge.

Erika Mejia Marinelarena ("Marinelarena") brought this action for breach of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Colleen McMahon, United States District Judge for the Southern District of New York, sitting by designation.

the covenant of good faith and fair dealing against her car insurer, Allstate Northbrook Indemnity Company ("Allstate"). After some litigation, the parties cross-moved for summary judgment. The district court granted Allstate's motion for summary judgment and dismissed Marinelarena's claim as both time-barred and precluded by her failure to comply with California Insurance Code Section 11580.2(b)(2). A month later, Marinelarena moved for a new trial or reconsideration of the court's order granting summary judgment for Allstate. The district court denied the motion. Marinelarena timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *Lowry v. City of San Diego*, 858 F.3d 1248, 1254 (9th Cir. 2017) (en banc). We review the district court's denial of a motion for a new trial or reconsideration for abuse of discretion. *Hung Lam v. City of San Jose*, 869 F.3d 1077, 1084 (9th Cir. 2017). We affirm.[1]

1.      The district court correctly granted Allstate's motion for summary judgment and dismissed Marinelarena's claim because her claim for bad faith is time-barred. The statute of limitations in California for a claim asserting breach of the implied covenant of good faith and fair dealing is two years where, as here, an insured sues an insurer for extra-contractual damages. *Archdale v. Am. Int'l*

---

[1] The parties are familiar with the facts of this case, so we include them only as necessary to resolve the appeal.

*Specialty Lines Ins. Co.*, 154 Cal. App. 4th 449, 467 n.19 (2007); CAL. CIV. PROC. CODE § 339(1) (West 2022). "[A] cause of action accrues and the statute of limitations begins to run when the plaintiff has reason to suspect an injury and some wrongful cause." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 803 (2005). The issue is not when Marinelarena actually developed her suspicion, but when she had sufficient facts to "put her on inquiry." *McGee v. Weinberg*, 97 Cal. App. 3d 798, 803–04 (1979).

The undisputed evidence shows that Marinelarena had reason to suspect that Allstate was dealing with her in bad faith no later than April 9, 2018. On that date, Allstate made its allegedly bad faith settlement offer of $8,129. It did so in the context of a series of prior actions, including Allstate's alleged failure to act promptly after receiving notice of her claim, alleged failure to accept or deny coverage within a reasonable time, and alleged failure to conduct a prompt investigation—any one of which would have put Marinelarena on notice of her bad faith claim. Both Marinelarena and her lawyer testified that, by January 2018, they believed her claim was worth the full policy amount and they would not have accepted anything less. As a result, the district court correctly concluded that her claim accrued no later than April 9, 2018. Accounting for the 178-day toll of

3

limitations on civil actions that was in force during the Covid-19 pandemic,[2] the statute of limitations expired on October 5, 2020, seven weeks before she filed her complaint on November 24, 2020. Allstate was thus entitled to dismissal of Marinelarena's complaint as time-barred. *See Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1142–43 (1990) (Where "the operative facts are undisputed, the question of the application of the statute of limitations is a matter of law, and summary judgment is proper where the facts show the action is time-barred as a matter of law.") (citations omitted).

2.      The district court also correctly granted Allstate's summary judgment motion because Marinelarena failed to comply with the California Insurance Code Section 11580.2(b)(2). Marinelarena argues that the district court was wrong to grant Allstate summary judgment on this alternative ground for two reasons: (1) the district court should have interpreted the Insurance Code in light of its remedial purpose and waived the sworn statement requirement; and (2) Allstate had waived any defects in Marinelarena's notice of loss so her claim was not precluded under the policy. However, Marinelarena failed to raise either argument (or any other

---

[2] In response to the Covid-19 pandemic, the Judicial Council of California issued Emergency Rule 9, which tolled the statutes of limitations for civil causes of action for 178 days. Specifically, Emergency Rule 9 provided: "Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020." *See* Cal. R. Ct. App. I, Emergency rule 9(a).

4

argument) in her opposition to Allstate's motion for summary judgment in the district court. She has, therefore, forfeited these arguments for the purposes of her appeal from the district court's order granting Allstate's motion for summary judgment. *Allen v. Ornoski*, 435 F.3d 946, 960 (9th Cir. 2006).

3. The district court did not abuse its discretion by denying Marinelarena's motion for a new trial or reconsideration of the court's order granting Allstate's motion for summary judgment. Rule 59(a) permits a court to grant a new trial after a jury trial "on all or some of the issues . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The district court correctly denied Marinelarena's motion for a "new" trial because there was no trial in the first place. *See* 11 Charles Alan Wright & Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedures* § 2814 (3d ed.).

Nor did the district court abuse its discretion by denying Marinelarena's motion for reconsideration. Marinelarena did not identify any newly discovered facts or law, error by the court, or intervening change in the controlling law that rendered her claim timely. Central District of California Local Rule 7-18. She repeated the arguments made in her opposition to Allstate's motion for summary judgment, but that is not proper on a motion for reconsideration. *Id.*; *see also Am.*

5

*Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001).

Marinelarena also raised for the first time these two arguments relating to compliance with the California Insurance Code. The district court, having concluded that Marinelarena failed to identify any error in its dismissal of her bad faith claim on statute of limitations grounds, declined to reach these new arguments; they were superfluous, as her bad faith claim was time-barred, requiring dismissal. This was not error, so we need not reach the merits of these arguments. Moreover, motions for reconsideration may not be used "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). There was no reason Marinelarena could not have made her two new legal arguments when she filed her opposition to Allstate's motion for summary judgment.

**AFFIRMED.**